UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KITCHENS BROTHERS                     CIVIL ACTION NO. 09-cv-0098
MANUFACTURING CO.

VERSUS                                JUDGE HICKS

TRISTATE LAND & MINERALS,             MAGISTRATE JUDGE HORNSBY
LLC, ET AL

## MEMORANDUM ORDER

Kitchens Brothers Manufacturing Company filed this action based on an assertion of diversity jurisdiction. Thus, there is a burden on Kitchens to allege facts that ensure the existence of subject-matter jurisdiction. Kitchens, to meet that burden, will need to file a motion for leave to amend its complaint to adequately allege the citizenship of the parties. The deadline for doing so is **March 31, 2009**.

Kitchens describes itself as a Mississippi corporation that operates sawmills in Mississippi and Louisiana, with a "principal office" in Mississippi. Kitchens perhaps intends to allege that it has its principal place of business in Mississippi, as a corporation is a citizen of both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). If that is Kitchens' intent, it should be clear and use the language that is found in the statute. If Kitchens has any doubts about where its principal place of business is located (and the location of the main office is not always the principal place of business), the rules can be found in cases such as Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873 (5th Cir. 2004).

Kitchens properly alleges that defendant Lamar Smith is domiciled in Louisiana, which is adequate to allege his citizenship. The other two defendants are Tristate Land and Minerals, LLC and Tristate Company, LLC. Those parties are described only as Louisiana limited liability companies, and the answer filed by those entities did not add any additional information relevant to their citizenship.

The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The need for such detail was recently demonstrated by Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the citizenship of which is determined by the same rules applicable to an LLC. The Mullins opinion also makes clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, is not sufficient.

This court has seen a number of cases where the parties were confident there was diversity because "all members of the LLC are citizens of" diverse states, but diversity and

subject matter jurisdiction unraveled when the court required the parties to allege citizenship in detail. Requiring those allegation early in the case avoids the waste of time and resources that have been seen in cases such as <u>Howery v. Allstate</u>, 243 F.3d 912 (5th Cir. 2001), where Allstate saw a favorable judgment slip away on appeal because it neglected to plead its principal place of business when in district court and <u>Elliot v. Tilton</u>, 62 F.3d 725, 729 (5th Cir. 1995) (vacating judgment and chastising district court for not engaging in this kind of inquiry early in the case).

Plaintiff may not have access to the citizenship information for the defendants. Parties in the defendants' position ordinarily provide the citizenship information voluntarily, and they are encouraged to do so in this case so that this preliminary issue may be resolved as quickly and efficiently as possible. If the defendants will not voluntarily provide the information, the plaintiffs are granted leave to conduct discovery on the issue.

The court will review the case after the March 31 deadline for amending the jurisdictional allegations. If facts are alleged that provide a basis for subject matter jurisdiction, a scheduling conference will be set in due course.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of March, 2009.


MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE